# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Case No.** |
| v.  ) | **1:99-cr-00032-AKK-HGD-1** |
| ) | |
| **REGINALD CHAPMAN,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION AND ORDER

Reginald Chapman filed this *pro se* motion to expunge his record of a 23-year-old criminal charge and to restore his rights. Doc. 40. Chapman says that he has changed his life for the better but that his record continues to cause him challenges. Doc. 40. Sadly, however, the court lacks the power to expunge Chapman's criminal record and must deny his motion.

### I.

As an initial matter, the court cannot find a specific federal statute empowering the court to clear Chapman's record.[1] Moreover, "federal law does not

---

[1] Congress has authorized district courts to expunge records with regard to specific criminal statutes. *See* 13 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3523.2 (3d ed. updated May 23, 2022) ("In limited circumstances, federal law expressly permits expungement, so ancillary jurisdiction is not necessary.") (citing 10 U.S.C. § 1565(e); 18 U.S.C. § 3607(c); 42 U.S.C. § 14132(d)). Unfortunately, these statutes do not appear to apply to Chapman's case. *See, e.g.*, 18 U.S.C. § 3607(c) ("If the case against a person found guilty of an offense under section 404 of the Controlled Substances Act (21 U.S.C. [§] 844) is the subject of a disposition under subsection (a) [*i.e.*, pre-judgment probation], and the person was less than

offer a specific statute authorizing the general expungement of a criminal record," *United States v. Adalikwu*, 757 F. App'x 909, 911 (11th Cir. 2018), and "[t]here is no specific constitutional or general statutory right to expungement," *United States v. Carson*, 366 F. Supp. 2d 1151, 1154 (M.D. Fla. 2004). "Unlike many state legislatures, Congress has not enacted legislation providing for the expungement of criminal records." *Hall v. Alabama*, No. 2:09-cv-342-MHT, 2010 WL 582076, at *7 (M.D. Ala. Feb. 18, 2010). Thus, the court must determine whether it has ancillary jurisdiction over Chapman's motion.[2] *See United States v. Waybright*, No. 2:05-cr-00240-LSC-JEO, 2020 WL 4464476, at *1 (N.D. Ala. Aug. 4, 2020).

A.

Ancillary jurisdiction exists "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Adalikwu*, 757 F. App'x at 911 (quoting

---

twenty-one years old at the time of the offense, the court shall enter an expungement order upon the application of such person.").

[2] "Jurisdiction" refers to the court's power to adjudicate cases and controversies before it. Federal courts like this one are "courts of limited jurisdiction," meaning "[t]hey possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life. Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Ancillary jurisdiction" refers to federal courts' power to adjudicate "some matters (otherwise beyond their competence) that are incidental to other matters properly before them." *Id.* at 378. The question here is whether the court, properly exercising jurisdiction over the prior criminal action against Chapman, can exercise ancillary jurisdiction over his request to expunge the record of that action.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379–80 (1994)). While the courts of appeals disagree on whether federal courts have ancillary jurisdiction to expunge criminal records,[3] prior to 2018, several courts within this Circuit had recognized expungement as "a proper judicial function" subject to "equitable discretion." *See, e.g.*, *United States v. Johnson*, 714 F. Supp. 522, 523–24 and n.1 (S.D. Fla. 1989).[4] In 2018, however, the Eleventh Circuit held that a district court lacked subject-matter jurisdiction to expunge the records of a defendant's arrest, conviction, and sentence on the basis of equitable factors, including difficulty finding employment. *Adalikwu*, 757 F. App'x at 912.[5]

B.

In 1999, a grand jury charged Chapman with possessing a controlled

---

[3] *See* Wright & Miller, § 3523.2 ("The courts disagree, however, on whether there is ancillary jurisdiction to entertain a proceeding to expunge based solely upon equitable considerations.").

[4] In *Johnson*, the Southern District of Florida explained that despite its "grave doubts" about whether district courts had general expungement authority under Article III, when an expungement matter "relate[d] specifically to a criminal action over which a district court presided, the expungement matter [was] one that relate[d] specifically to the inherent powers and functions of a federal court." *See* 714 F. Supp. at 524 n.1.

[5] In *Adalikwu*, the Circuit applied *Kokkonen*'s test for ancillary jurisdiction and noted first that the grounds for the defendant's expungement request—reputational damage and difficulty finding work—were not interdependent with the facts of his arrest and conviction because they arose after those events and were external to the criminal case. 757 F. App'x at 912. The Circuit also explained that "the power to expunge judicial records on equitable grounds is not incidental to the court's ability to function successfully as a court" because "[t]he essential business of the court as it related to [the defendant] was completed after it vacated his conviction and sentence." *Id.* (emphasis omitted). Concluding that the defendant's request "sound[ed] in equity," the Circuit affirmed the district court's denial of the expungement motion for lack of subject-matter jurisdiction. *Id.*

3

substance with intent to distribute, doc. 1, but the government dismissed this charge with prejudice before trial, doc. 28. Chapman represents that he would "love to have [his] rights restored" and that "every time [someone] pull[s] up [his] record," they discover the federal charge, to his detriment. Doc. 40. He also says that he does not get into legal trouble anymore and has since turned his life around. *Id.* The court is deeply sympathetic to Chapman's concerns and believes that the record of a 23-year-old charge, which was subsequently dismissed, should not continue to affect Chapman's life or opportunities. Frustratingly, however, in light of *Adalikwu*, the court lacks ancillary jurisdiction to expunge Chapman's record.

## II.

In short, the court lacks the authority to grant Chapman's motion. Instead, "[b]ecause judicial expungement of criminal records implicates the separation of powers doctrine," Congress must act or otherwise authorize courts to issue the proper remedies. *See United States v. Tyler*, 670 F. Supp. 2d 1346, 1349 n.8 (M.D. Fla. 2009). As a result, Chapman's motion, doc. 40, is unfortunately **DENIED**.

**DONE** the 24th day of August, 2022.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE